1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT

8        CENTRAL DISTRICT OF CALIFORNIA

9

10   NICOLE ANNA STEWART,              )   No. CV 13-9324 DOC (FFM)
                                        )
11              Petitioner,             )   ORDER RE SUMMARY
                                        )   DISMISSAL OF ACTION WITHOUT
12        v.                            )   PREJUDICE
                                        )
13   ASSOCIATE WARDEN C. YNSON,         )
     CPT. WILLIAMS, SERGEANT J.         )
14   RACHEL,                            )
                                        )
15              Respondents.            )
     _____

16        On or about December 14, 2013, petitioner constructively filed a Petition

17   for Writ of Habeas Corpus by a Person in State Custody ("Petition").  The

18   Petition does not raise any particular federal ground for challenging petitioner's

19   conviction, but states that petitioner is not guilty of the offense.

20        As a matter of comity, a federal court will not entertain a habeas corpus

21   petition unless the petitioner has exhausted the available state judicial remedies

22   on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22,

23   102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  The habeas statute now explicitly

24   provides that a habeas petition brought by a person in state custody "shall not be

25   granted unless it appears that -- (A) the applicant has exhausted the remedies

26   available in the courts of the State; or (B)(i) there is an absence of available State

27   corrective process; or (ii) circumstances exist that render such process ineffective

28

1 | to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the
2 | exhaustion requirement is to be waived, it must be waived expressly by the State,
3 | through counsel.  *See* 28 U.S.C. § 2254(b)(3).

4 |       Exhaustion requires that the prisoner's contentions be fairly presented to
5 | the state courts, and be disposed of on the merits by the highest court of the state.
6 | *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been
7 | fairly presented unless the prisoner has described in the state court proceedings
8 | both the operative facts and the federal legal theory on which his claim is based.
9 | *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865
10 | (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438
11 | (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may
12 | raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that
13 | ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992);
14 | *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also*
15 | *Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119
16 | (1987).

17 |       Petitioner has the burden of demonstrating that she has exhausted available
18 | state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982).
19 | Here, it plainly appears from the face of the Petition that petitioner cannot meet
20 | this burden with respect to her claim.  Petitioner alleges that she has not filed any
21 | appeal of her conviction or habeas petition in state court with respect to her claim.
22 | (Petition at ¶ 7.)

23 |       Because petitioner has not raised her present claim with the California
24 | Supreme Court, the Petition is unexhausted.

25 |       If it were clear that petitioner is raising a federal claim and that the
26 | California Supreme Court would hold that petitioner's unexhausted federal claim
27 | was procedurally barred under state law, then the exhaustion requirement would
28 | be satisfied.  In that event, although the exhaustion impediment to consideration

1   of petitioner's claim on the merits would be removed, federal habeas review of
2   the claim would still be barred unless petitioner could demonstrate "cause" for the
3   default and "actual prejudice" as a result of the alleged violation of federal law, or
4   demonstrate that failure to consider the claims would result in a "fundamental
5   miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
6   2546, 115 L. Ed. 2d 640 (1991). However, it is not "clear" here that petitioner is
7   raising a federal claim or that the California Supreme Court will hold that
8   petitioner's federal claim is procedurally barred under state law. *See, e.g., In re*
9   *Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner
10  claimed sentencing error, even though the alleged sentencing error could have
11  been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405
12  (1952) (noting that claims that fundamental constitutional rights have been
13  violated may be raised by state habeas petition).
14       The Court therefore concludes that this is not an appropriate case for
15  invocation of either exception to the exhaustion requirement regarding the
16  existence of an effective state corrective process.
17       Therefore, the Petition is subject to dismissal.
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1        IT IS THEREFORE ORDERED that this action be summarily dismissed

2  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases

3  in the United States District Courts.

4        LET JUDGEMENT BE ENTERED ACCORDINGLY.

5

6  Dated:

7        January 3, 2014

8                          DAVID O. CARTER

9                        United States District Judge

10

11  Presented by:

12

13

14    /S/ FREDERICK F. MUMM

       FREDERICK F. MUMM

15    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28